(121 App. Div. 466.)

CLONIN et al. v. LIPPE et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. MECHANICS' LIENS—ENFORCEMENT—LIMITATIONS.

Lien Law, Laws 1897, p. 524, c. 418, § 20, subdiv. 4, provides that a lien on the construction of a public improvement may be discharged by the contractor depositing such a sum as is directed by a justice of the Supreme Court to be held until the lien is discharged as prescribed by subdivisions 1, 2, or 3 of that section. Subdivision 2 provides that the lien shall be discharged when three months have elapsed since filing the notice of lien, and no action has been commenced. Subdivision 5, Laws 1898, p. 318, c. 169, provides that the lien may be discharged by the contractor executing an undertaking for the payment of any judgment recovered in an action to enforce the lien. Section 17, p. 522, provides that such a lien shall not continue for more than three months, from the time of filing the notice thereof, unless an action is commenced to foreclose the same within that time. *Held*, that the limitation of section 17 applied not only to the lien on the property, but also to an undertaking given pursuant to section 20, subdiv. 5, and hence an action in either case after three months from the filing of the notice of lien was barred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 456–468.]

2. SALES—ACTIONS—ISSUES—PROOF—VARIANCE.
    Under a complaint to recover the contract price of brick sold and de-
livered, an additional sum cannot be recovered, in that there was an ex-
tra cost to vendors because vendees so obstructed the place of delivery
that vendors were unable to deliver in large lots.

Appeal from Special Term, Queens County.

Action to foreclose a mechanic's lien by James E. Clonin and John
Messenger, composing the firm of Clonin & Messenger, against Her-
man F. Lippe and Henry J. Lippe, Jr., composing the firm of Henry
F. Lippe & Bro., and others. Judgment for plaintiffs, and defendants
appeal. Judgment against Herman F. Lippe and Henry J. Lippe, Jr.,
reversed and new trial ordered, unless plaintiffs stipulate to reduce re-
covery to $112.50, in which event judgment to be affirmed. Judg-
ment against the other defendants reversed, and complainant dis-
missed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

Otto H. Drooge, for appellants.
John J. Townsend, for respondents.

MILLER, J. The first question involved in this case relates to the
validity of the lien, notice of which was filed in New York county on
the 20th and 23d days of November, 1903. An order of the County
Court of Queens county extending the lien for a period of six months
was granted February 16, 1904, pursuant to section 17 of the lien law
(chapter 418, p. 522, Laws 1897). It is conceded that the County
Court of Queens county had no jurisdiction to make the order. The
lien, therefore, expired by virtue of the provisions of said section 17,
but the respondent contends that, as the undertaking provided by
subdivision 5 of section 20 of the lien law was given on the 10th day
of December, 1903, the action may be maintained against the con-
tractor and his sureties without regard to the three-month limitation
specified in said section 17. This contention is based on Hafker v.
Henry, 5 App. Div. 258, 39 N. Y. Supp. 134, and Durham v. Durham,
99 App. Div. 450, 91 N. Y. Supp. 295. It is unnecessary to discuss
those authorities, because the present lien law is essentially different
from the statute which was considered in those cases. Section 20 of
the lien law provides how the lien may be discharged; the last sen-
tence of subdivision 4 thereof providing for discharge by deposit of
a sum of money is as follows, viz.:

"The amount so deposited shall remain with such financial officer or other
officer or person until the lien is discharged as prescribed in subdivisions one,
two or three of this section."

Subdivision 2 relates to discharge by lapse of time—i. e., the three-
month period specified in section 17—and subdivision 5 prescribes that
the undertaking therein provided for shall be "conditioned for the
payment of any judgment which may be recovered in an action to
enforce the lien." Laws 1898, p. 318, c. 169. In the case of Durham
v. Durham, supra, relied upon by the respondents, the short statute
of limitations was held inapplicable to an action on the undertaking
because of the analogy between the undertaking to discharge the lien

and the deposit of money to discharge the lien. By the same reasoning the short statute now applies to an action on the undertaking because of the express provision quoted supra respecting the discharge of the lien by deposit. Moreover, as the undertaking is conditioned for the payment of any judgment which may be recovered in an action to enforce the lien, it is difficult to see how an action can be maintained on it after the lien has expired. While the lien upon the property is discharged by the deposit of money or the giving of an undertaking, it is plain that said deposit or undertaking is but a substitute for the property, and the language of section 17 is that the lien "shall not continue for a longer period than three months unless," etc.

The only question remaining to be determined is whether the plaintiffs were entitled to judgment against the defendants Herman F. Lippe and Henry J. Lippe, Jr., the contractors, pursuant to section 3412 of the Code of Civil Procedure. The complaint is upon a written contract set forth in hæc verba, and, so far as material here, it was an agreement on the part of the plaintiffs to deliver to the defendants 342,000 hard brick at $5.90 per 1,000. The brick was not all delivered, but the balance due on the amount delivered according to the contract price was $112.50. The plaintiffs, however, sought to recover the sum of $127.58 for delivering 150,000 bricks by truck load, instead of by barge; it being claimed that there was an extra cost of 85 cents per 1,000 occasioned by the fact that the defendants obstructed the place where the bricks were to be piled so that the plaintiffs were unable to deliver in large lots. The testimony as to this extra cost was objected to as not within the issues. No attempt was made to amend the pleadings. It needs no discussion to show that under a complaint to recover a contract price stated the plaintiffs could not recover an additional sum on a supplemental contract not pleaded, or by way of damages for breach of contract. The testimony respecting the obstruction of the place where the bricks were to be piled may have excused further performance on the plaintiffs' part. It may furnish a complete answer to the counterclaim set up by the defendants for breach of contract; but it furnished no basis for an award of damages on a complaint seeking solely to recover a stated contract price. The pleadings and findings are sufficient to support a judgment against the defendants Herman F. Lippe and Henry J. Lippe, Jr., for the sum of $112.50.

The judgment as to them should be reversed, unless the plaintiff stipulate to reduce it to the sum of $112.50. As to the other defendants, the judgment should be reversed and the complaint dismissed.

Judgment against the defendants Herman F. Lippe and Henry J. Lippe, Jr., reversed, and new trial ordered, costs to abide the event, unless within 20 days plaintiffs stipulate to reduce the recovery to the sum of $112.50, in which event the judgment as reduced is affirmed, without costs of this appeal. Judgment against the defendants Henry J. Lippe and Joseph F. Lippe reversed, with costs, and complaint dismissed, with costs. All concur.