(67 Misc. Rep. 636.)

### BERGER MFG. CO. v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. May, 1910.)

MECHANICS' LIENS (§ 226*)—DISCHARGE—EXPIRATION NOTWITHSTANDING UNDERTAKING.

    A mechanic's lien for work and material in the erection of a building for the city of New York expires under Lien Law (Laws 1897, c. 418) art. 1, § 17, in three months from the filing thereof, unless within that time an action is begun to foreclose, or an order extending the time is obtained, notwithstanding the discharge of the lien by the giving of an undertaking within the three months.

    [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 409; Dec. Dig. § 226.*]

Action by the Berger Manufacturing Company against the City of New York and others to foreclose liens. Judgment for plaintiff, and for certain of the defendants.

A. C. Surpless, for plaintiff.

Archibald R. Watson, Corp. Counsel, for defendant City of New York.

PLATZEK, J. This action is brought to foreclose liens against the city of New York upon contracts for work and material supplied in the erection of a building for a municipal improvement. The facts in this case are substantially conceded. No actually material fact is controverted or disputed. A question of law as to which of the parties are entitled to the fund only is involved. The defendant Lewis F. Schoemaker & Co. claims that it is entitled to priority over all the other liens because its lien was first filed. It is contended by the other claimants, to the contrary, that the lien of the Schoemaker Company expired and became invalid by reason of its failure to commence an action to foreclose the lien within three months from the filing thereof or to secure an order extending the time so to do. The Schoemaker Company lien was filed June 16, 1908, and was bonded June 22, 1908. No other steps were taken by this company to foreclose its lien within the statutory three months, nor was any order of the court made continuing the lien. Article 1, § 17, Lien Law. Laws 1897, c. 418.

It is urged by counsel for the Schoemaker Company that, where a lien for a municipal improvement has been discharged by the giving of an undertaking, it is not necessary to commence an action to foreclose the lien within three months from the date upon which it is filed. I am persuaded upon an examination of the authorities, including Mertz v. Press, 99 App. Div. 443, 91 N. Y. Supp. 264, cited and relied upon to sustain the validity of the Schoemaker Company lien, that its lien expired and became invalid for failure timely to commence an action to foreclose the same. Clonin v. Lippe, 121 App. Div. 466, 106 N. Y. Supp. 58; Matter of 35th St. & 5th Ave. R. Co., 121 App. Div. 626, 106 N. Y. Supp. 390; Kelly v. Highland Const. Co., 133 App. Div. 579, 118 N. Y. Supp. 123. See, also, Milliken Bros., Inc., v. City of N. Y., 135 App. Div. 598, 120 N. Y. Supp. 841.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The form of decision and judgment submitted on behalf of plaintiff and the defendants other than the Schoemaker Company substantially conforms to the facts and legal conclusions found and determined.

Ordered accordingly.