(74 Misc. Rep. 210.)

In re THORNTON APARTMENT CO.

(Supreme Court, Special Term, Kings County. November, 1911.)

MECHANICS' LIENS (§ 227*)—BOND TO DISCHARGE LIEN—TERMINATION OF LIABILITY.

Under Lien Law (Consol. Laws 1909, c. 33) § 17, limiting the liability of a mechanic's lien to one year from the filing of the lien, unless an action commenced to foreclose it or the lien is continued by an order of court, where no action to foreclose is brought within a year and the lien is not continued by order of court, all liability on a bond to discharge the lien terminates, and the lienee and the surety on the bond are entitled to release.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410; Dec. Dig. § 227.*]

Application of the Thornton Apartment Company to cancel a bond given by the National Surety Company of New York to discharge a mechanic's lien filed by the Construction Material & Coal Company. Granted.

Roy, Watson & Naumer, for the motion.
Abraham H. Spigelgass, opposed.

KAPPER, J. The owner of property against which a mechanic's lien was filed, and to discharge which lien the owner gave a surety

company's bond, now moves to cancel the bond, claiming that, as the lienor has neither sued within the year subsequent to the filing of the lien nor obtained an extension thereof, the liability on the bond has terminated and the surety is entitled to be released from its obligation. The lienor opposes, not upon the facts, but upon the law, asserting that, in the absence of an express provision in the lien law for the granting of the relief sought, the motion should be denied.

Under Lien Law (Consol. Laws, c. 33) § 19, a lien may be discharged upon the giving of a surety company's bond in an amount fixed by the court, not less than the amount claimed in the notice of lien, "conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien." The bond affected by the proceeding at bar is conditioned upon the payment by the owner of the property of "all judgments which may be rendered against *said property* in favor of" the lienors *"in any action or proceeding to enforce their alleged lien."*

The lien law (supra, section 17) plainly limits the life of a mechanic's lien to the period of one year after the filing of the lien, unless within that time an action is commenced to foreclose it, or unless by an order of the court made within the year the lien is continued. And, by section 19, such a lien is discharged "by failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien."

It seems to me that the plain meaning of the statutory provisions cited is that the bond is always a substitute for and takes the place of the property, solely for the purpose of enforcing the lien, and that liability on the bond terminates from the moment that the right to enforce the lien ceases. As was said in Morton v. Tucker, 145 N. Y. 244, 248, 40 N. E. 3, 4:

"The condition was for the payment of any judgment which might have been rendered against the property had not the bond been given. The bond, as we have seen, is given to discharge the lien. It is one of the proceedings provided for by the statute, and it was evidently intended that the bond should take the place of the property and become the subject of the lien in the same form and manner as is provided for in the case of the payment of money into court, or the deposit of securities under an order of the court after action brought."

In Breen v. Lennon, 10 App. Div. 36, 39, 41 N. Y. Supp. 705, 707, the court, in speaking of the effect of the giving of a bond to discharge a lis pendens filed in an action to foreclose a mechanic's lien, say:

"It [the action] still remains an action to foreclose a lien, but only as against that which is substituted for the real estate."

In Kelly v. Highland Construction Co., 133 App. Div. 579, 581, 118 N. Y. Supp. 123, 124, the court say:

"There is no express provision in the statute which limits the time within which an action can be brought to enforce this undertaking. Upon the filing and approval of the undertaking the lien became discharged; but the obligation of the sureties was limited to the payment of the amount of any judgment which might be rendered against the property for the enforcement of the lien. So it must, therefore, necessarily follow that, although the property itself was released from the lien, to entitle the plaintiff to recover

he must commence an action *in form for the enforcement of the lien* and obtain a judgment as if the lien still existed."

The authorities cited establish the proposition that the bond takes the place of the property *in the action* to foreclose the lien. That being the purpose and office of the bond, and it being now too late to bring such an action, what reason is there for keeping the bond alive and subjecting the principal to the expense of the premiums which, under such circumstances, he is required to pay?

An action on the bond cannot be maintained after the lien has expired. (Clonin v. Lippe, 121 App. Div. 466, 467, 106 N. Y. Supp. 58), and it therefore follows that the owner of the property and the surety on the bond are entitled to be relieved from its obligations.

Motion granted.