KARL L. HENSEL, Respondent, *v.* THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, March 10, 1933.

*William Lurie* of counsel [*David S. Konheim* with him on the brief; *William Lurie*, attorney], for the appellant.

*Martin Benjamin* of counsel [*John J. Ryan*, attorney], for the respondent.

SHERMAN, J. Plaintiff's right to the summary judgment granted on motion below depends upon whether or not a bond given by defendant to discharge a mechanic's lien survived the delay of more than one year after filing of the notice of lien under section 19, subdivision 2, of the Lien Law. That statute provides that a

lien shall be discharged " by failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien, unless an action be begun within the same period to foreclose a mortgage or another mechanic's lien upon the same property or any part thereof and a notice of pendency of such action is filed according to law."

In November, 1928, plaintiff, a tiling contractor, entered into a contract to do tiling work on four houses in Westchester county, and performed its contract, but was not paid. On July 10, 1929, he filed in Westchester county a mechanic's lien against the property which had received the benefit of his labor, which lien was on July 17, 1929, discharged by the filing of the bond of defendant.

In September, 1929, plaintiff brought an action in the Supreme Court, county of Bronx, against the contractor and named also as a defendant the Metropolitan Casualty Company of New York. That action was not for the foreclosure of the mechanic's lien, but was on the contract for damages. A judgment was taken by default, whereupon, it appearing that the defendant surety corporation had not been served with process, the extract of the clerk's minutes was corrected accordingly and the action was discontinued against that defendant. Apparently, thereafter an amended complaint was allowed to be served by a permissive order entered April 12, 1932, upon notice to the contractor, which complaint sought a foreclosure of the lien, and on May 21, 1932, judgment was entered in that action by default against the contractor, which also purports to adjudge that plaintiff has a valid lien on the realty described in the complaint, and awards to the plaintiff the amount due under the contract. The present defendant, appellant, was not a party to these last-mentioned proceedings.

This action was not commenced until May 19, 1932, and appellant's answer pleads among other things that the lien had expired on July 10, 1930, by operation of law.

We hold that this defense must defeat the plaintiff's cause of action, inasmuch as within the period of more than one year after the filing of said lien no appropriate action to enforce the lien had been brought and no order made extending or renewing the lien pursuant to the provisions of section 17 of the Lien Law. (*Martens v. O'Neill*, 131 App. Div. 123; *Berger Mfg. Co. v. City of New York*, 206 N. Y. 24, 31; *Matter of Thornton Apartment Co.*, 74 Misc. 210.)

The judgment and order appealed from must be reversed, with costs, and plaintiff's motion for summary judgment denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs.