LAMMERS *v.* CART-RITTER COMPANY.

4-5246                                          121 S. W. 2d 95.

Opinion delivered November 14, 1938.

*J. E. Ray*, for appellant.

*Maddox & Greer*, for appellee.

McHANEY, J. Appellee brought this action against appellants, John Lammers and wife, and others not involved in this appeal, to foreclose a statutory lien given by § 8905 *et seq.* of Pope's Digest, for the construction and equipping of an irrigation well on the west half of the northeast quarter of section 21, township 17 north, range 2 east, in Lawrence county. The answer of appellants was a general denial. The trial court found for appellee for the amount sued for, rendered judgment therefor and

decreed same to be a lien on the land above described, and ordered same sold to satisfy said judgment with interest and costs. No supersedeas bond was filed, and the property was advertised and sold in accordance with said decree, report of sale made, sale approved, and deed was made to the purchaser and it approved by the court. The case is here on appeal.

Appellants first say that the statute, § 8905 of Pope's Digest, does not give a lien on the whole tract of land above described and that it is indefinite as to what land the lien is to cover. We cannot agree. The statute says: "Any person, corporation . . . who shall under contract . . . with the owner or lessee of any land . . . . perform labor or furnish fuel material, machinery or supplies, used in the digging, drilling . . . equipping, maintaining or repairing any . . . water well . . . shall have a lien on the whole of such land or leasehold interest therein," etc. Now, it is undisputed that appellee had two separate contracts with appellants, one for the construction of the well and the other for the installation of pumping equipment, and both contracts executed at the same time. We think the lien extends to all the land, or in the language of the statute, "the whole of such land," that is the land mentioned in the contracts.

But, appellants say, even if there is a lien, to whom does it extend? And say it does not extend to a contractor. On the contrary it expressly so provides. The language is: "Any person, corporation . . . who shall under contract, expressed or implied, etc." There is no dispute that appellee had contracts with appellants and that they performed the contracts.

Other contentions are made, that there was no lien filed because the affidavit for a lien was made before the deputy clerk, instead of the clerk; that two liens were filed instead of one; and that payments made from the proceeds of the rice crop were misapplied—all of which we have carefully considered and find them without substantial merit.

The decree is correct, and must be affirmed. It is so ordered.