GEORGE W. GALE & another *vs.* LUTHER BLAIKIE & others.

Middlesex.   Jan. 13. — July 1, 1880.   COLT & LORD, JJ., absent.

A person who furnishes materials, at different times, under one contract, in the erection of a building, loses his lien, under the Gen. Sts. *c.* 150, § 5, if he neglects to file his statement of the amount due him within thirty days after the last item is furnished which is actually used in the erection of the building.

PETITION, under the Gen. Sts. *c.* 150, to enforce a mechanic's lien for materials furnished in the erection of a building in Cambridge. After the former decision, reported 126 Mass. 274, the case was tried in the Superior Court, without a jury, before *Gardner,* J., who reported the case for the determination of this court, in substance as follows :

It appeared that, in December 1875, the petitioners agreed verbally with Blaikie, one of the respondents, then the owner of the land described in the petition, to furnish all the lumber and material required in the erection of the building in question; that, in pursuance of this agreement, the petitioners furnished and delivered to Blaikie, from time to time as ordered, materials from December 21, 1875, to June 20, 1876, inclusive; that no payment was made or demanded until after the latter date; that, while the building was in process of erection, Blaikie conveyed the land with the building thereon by mortgage to one Grover, to secure the payment of a certain sum of money, in February 1876, and, during the same month, conveyed the same, subject to the mortgage, to one Gooch, both of which deeds were duly recorded in their order in that month; that the petitioners had no actual notice of either of these conveyances, and continued to furnish the materials to Blaikie down to June 20, 1876; that the materials were all furnished and delivered in pursuance of the agreement of December 1875, and were all actually used in the construction of the building except the last item of the account, a quantity of cement, furnished on June 20, 1876, which was delivered to Blaikie, at his request, on a lot owned by him, adjoining the premises described in the petition, but was subsequently attached by a creditor of Blaikie and carried away, and no part of this item was used in the construction of the building; that the petitioners had no knowledge or notice that this cement had been taken away until after the commencement of this suit; that the date of the next previous item was June 10, 1876, and this was actually used in the construction of the building; and that the proper certificate of lien was filed in the office of the city clerk of Cambridge on July 20, 1876.

The respondents asked the judge to rule that the certificate was not filed within the time required by law, and the petition should be dismissed.

The judge declined to rule as requested, but did rule that the contract was sufficient to sustain the lien as to all the items except that of June 20, both as against the mortgage and the deed, and that the certificate, being filed July 20, 1876, was filed properly within the time required by law, provided the cement

delivered on June 20, 1876, was actually furnished by the peti
tioners under their agreement with Blaikie of December 1875,
for said building; and on the above facts and rulings found
that the lien was established for the sum of $932.64, with inter-
est from the date of the petition, which sum did not include the
value of the item of June 20, 1876.

Judgment was to be entered for the petitioners in the sum of
$932.64, with interest from the date of the petition, if the rul-
ing was right; otherwise, for the respondents.

*J. W. Hammond*, for the respondents.

*G. F. Piper*, for the petitioners. The materials in this case
were furnished under a contract which was not completed until
June 20, 1876, when the cement was furnished. Although the
petitioners have no lien for this item of their account, as it was
not actually used in the erection of the building, yet this does
not prevent their maintaining a lien for the other items. The
Gen. Sts. *c.* 150, § 5, provide that the lien shall be dissolved,
unless the person desiring to avail himself thereof files the
statement in the city or town clerk's office " within thirty days
after he ceases to furnish materials for " a building, and do not
provide that the lien is lost unless the statement is filed within
thirty days after he ceases to furnish materials which actually
go into a building. To adopt the construction contended for by
the respondents would impose upon a person the obligation of
filing a statement before he had performed his part of the con-
tract; and is importing into the statute words which the Legis-.
lature has seen fit to omit. See *Miller* v. *Batchelder*, 117 Mass.
179; *Gale* v. *Blaikie*, 126 Mass. 274. Section 6 of the same
chapter also provides that no inaccuracy in stating the amount
due for labor and materials shall invalidate. the proceedings,
unless it appears that the person filing the certificate has wil-
fully and knowingly claimed more than is his due, thus recog
nizing that a statement may contain items for which a lien
cannot be enforced.

SOULE, J. The Gen. Sts. *c.* 150, give to any person to whom
a debt is due for materials furnished and actually used in the
erection, alteration or repair of a building on real estate, by
virtue of an agreement with or by consent of the owner, a lien
on the building and on the interest of the owner thereof in the

lot of land on which it is situated, to secure the payment of the debt so due. § 1. But such lien is dissolved and lost, unless the person desiring to avail himself of it files in the office of the clerk of the city or town a statement of a just and true account of the amount due him, within thirty days after he ceases to furnish materials for the building. § 5.

It is clear that the statement of account is intended to embrace only those charges which the lien secures, and that it is to be filed within thirty days after the last of the items charged and secured is furnished. The only " materials " which are the subject matter of provisions of the statute are materials furnished and actually used. While the statute, in § 6, provides that no inaccuracy in stating the amount due shall invalidate the proceedings, unless it appears that the person filing the certificate has wilfully and knowingly claimed more than is his due, it is nowhere provided that a lien may be saved by inserting in the statement a charge actually due, but for whicn there is no security by lien under the statute, if that charge covers all the articles furnished within thirty days before the filing of the certificate. The lien is not a common-law right, but a creature of the statute. It can be preserved and enforced only by a strict compliance with the requirements of the statute. There are no equities to be invoked in aid of it. The petitioners furnished no materials within thirty days before filing their certificate, which were actually used in the erection of the building. The articles which they furnished to Blaikie within that time were not delivered on the lot of land on which the building was situated, and were attached for Blaikie's debt without going upon that lot. The petitioners, therefore, had no lien to secure payment for them, and their certificate was not filed within the time required by the statute. The refusal so to rule was erroneous. *Petition dismissed.*