KENNEBEC FRAMING COMPANY *vs.* RUFUS PICKERING.

Middlesex.    Jan. 18, 19. — May 22, 1886.    DEVENS & GARDNER, JJ.,
                                    absent.

A person, who furnishes lumber at a certain price per thousand feet, at different times, under an entire contract, in the erection of a building, loses his lien, under the Pub. Sts. *c.* 191, § 6, if he neglects to file his statement of the amount due him within thirty days after the last item is furnished which is actually used in the erection of the building.

PETITION, under the Pub. Sts. *c.* 191, to enforce a mechanic's lien. Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The petitioner introduced evidence tending to show the following facts:

The petitioner made a contract in writing, dated March 1, 1884, to furnish to the respondent frame and other building material for a skating rink in Wakefield, at a certain sum per thousand feet. The petitioner commenced shipping this lumber about March 7, 1884, by cars from Fairfield, Maine, to Wakefield. This lumber was furnished to build the rink according to plans and specifications. The last car-load furnished under said contract was shipped on June 12, 1884. It consisted of maple floor boards for the upper hall of the structure, which were to be used in laying such floor according to the original plan and contract; but this floor was not laid, and this last car-load, which was necessary to complete the building as first intended, instead of being so used, was piled up in said building. The last lumber shipped under the contract, except said last car-load, was so shipped on April 24, 1884, and all but said last car-load was actually used in the construction of the building. The lower floor, designed for a skating rink, was finished and occupied on April 30, 1884. The upper floor was never finished or occupied. The petitioner had no knowledge of the failure of the respondent to use this car-load to complete the building for which it was contracted and furnished. The respondent is in insolvency, and his assignees defend this suit. On July 10, within thirty days of the shipping of said last car-load of lumber, the petitioner duly filed in the registry of deeds a certificate of a just and true account of the amount due to it; and the petition to enforce the lien was duly filed within the time required by law.

The judge found that the certificate was not recorded within thirty days of the time of the petitioner's ceasing to furnish materials, within the meaning of the statute, because the lumber of the last car-load, furnished on June 12, 1884, was not used in the building; ruled, as matter of law, that, to entitle the petitioner to enforce a lien, such certificate should have been filed within thirty days from the time of delivery of lumber or material which was actually used in the building; and ordered judgment for the respondent. The petitioner alleged exceptions.

*A. H. Briggs*, for the petitioner.

*F. S. Hesseltine*, for the respondent.

HOLMES, J.   When, as here, the price is fixed by the thousand feet, we will assume that a lien can be maintained for materials furnished and actually used, although furnished under an entire contract which calls for a larger quantity, part of which is not actually used.   *Felton* v. *Minot*, 7 Allen, 412. But in *Gale* v. *Blaikie*, 129 Mass. 206, the court say: "It is clear that the statement of account is intended to embrace only those charges which the lien secures, and that it is to be filed within thirty days after the last of the items charged and secured is furnished.   The only 'materials' which are the subject matter of provisions of the statute are materials furnished and actually used."   In the opinion of a majority of the court, we cannot fairly distinguish this case from that, consistently with its reasoning, on the ground that the present contract was entire.   We cannot reconcile it with that reasoning to say that, when the contract is entire, the materials referred to by the Pub. Sts. *c.* 191, § 6, are the last materials which are furnished under the contract; and which, although not actually used, must be furnished before a debt can arise in respect of the portion actually used.   The language cited imports that the statement must be filed within thirty days of the furnishing of that part of the materials which is actually used, and in respect of which a lien can be claimed.   It would be consistent with *Gale* v. *Blaikie*, perhaps, either to presume conclusively that the last car-load of lumber was used, or to say that that previously delivered was not furnished in the sense of the statute until a debt had arisen in respect of it.   But neither of these suggestions commends itself to us, and we must adhere to what has been decided.   The hardship seems greater, technically, when the contract is entire, and the petitioner has precluded himself from filing his certificate before complete performance, if that is the effect of such a contract, which we do not intimate.   But we doubt if there is much practical difference except when the purchaser refrains from using part of the materials for the purpose of defeating the lien, which is not suggested to have been the fact in the case at bar.                    *Exceptions overruled.*