LOCK JOINT PIPE COMPANY *vs.* COMMONWEALTH & others.

Suffolk.    March 1, 2, 1954. — April 8, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Public Works.*

A furnisher of pipe to one who contracted with the Commonwealth for the installation of a pipe line was not barred from recourse to the security obtained under G. L. (Ter. Ed.) c. 30, § 39, as amended, by the fact that the quantity of pipe actually needed for and incorporated in the installation was slightly less than the quantity stated in the contract between the furnisher and the contractor as the approximate quantity to be furnished.   [350–351]

A statement of claim filed under G. L. (Ter. Ed.) c. 30, § 39, as amended, by a furnisher of materials to a contractor for a public works construction project was not invalid in that it was filed before the materials were actually incorporated in the project by the contractor or in that it was filed before the time for payment for the materials specified in the contract between the furnisher and the contractor.   [351–352]

Whether a contract for furnishing to a contractor pipe delivered in several instalments and used in a pipe line installed by the contractor for the Commonwealth was a divisible contract or an entire contract, the furnisher seasonably filed a statement of claim as required by G. L. (Ter. Ed.) c. 30, § 39, as amended, where, within sixty days after each delivery of pipe, he filed a statement covering that delivery and in the statement filed after the last delivery made claim also for a total amount made up of the respective amounts of all the deliveries.   [352–353]

One who furnished to a contractor materials used in the construction of public works for the Commonwealth and who under G. L. (Ter. Ed.) c. 30, § 39, as amended, filed a statement of claim within sixty days after what was in fact the last delivery of the materials was not barred from recourse to the statutory security by a recital subsequently made by him that the last delivery was at a time after the filing of his statement.   [353]

Where one, who furnished to a contractor by instalments materials most of which, but not all, were used in the construction of public works for the Commonwealth, filed a statement of claim as required by G. L. (Ter. Ed.) c. 30, § 39, as amended, within sixty days after each delivery and within sixty days after furnishing the last materials incorporated in the project, he was in the circumstances entitled to enforce the statutory security for the proportion which the quantity of materials so incorporated bore to the quantity delivered, without proof of the exact quantity included in each statement of claim which was so incorporated.   [353]

PETITION, filed in the Superior Court on May 25, 1951.

The case was heard by *Murray*, J.

*John W. Blakeney*, for the defendant Peerless Casualty Company.

*Charles C. Cabot*, (*Henry V. Atherton* with him,) for the plaintiff.

WILKINS, J. This is a petition to obtain the benefit of security given under G. L. (Ter. Ed.) c. 30, § 39, as appearing in St. 1935, c. 472, § 1. Under date of November 9, 1949, the respondent Demos Brothers General Contractors, Incorporated, hereinafter called Demos, entered into a contract with the Commonwealth, acting through the metropolitan district commission, for the installation of a pipe line for the Hyde Park pumping station. Pursuant to c. 30, § 39, a bond was executed by Demos as principal and the respondent Peerless Casualty Company, hereinafter called Peerless, as surety. The bond, in the amount of $188,000, was delivered to the Commonwealth, the obligee. The bond was conditioned, in part, on the payment by Demos for all materials used or employed in the work of installation, and professed to be made "for the use and benefit of all persons, firms and corporations, who may furnish any material."

On or about October 1, 1949, Demos and the petitioner, Lock Joint Pipe Company, hereinafter called Lock Joint, entered into a contract whereby Lock Joint agreed to furnish Demos approximately 10,050 linear feet (the estimated quantity required) of 24-inch prestressed concrete cylinder pipe, including fittings and other material, at $8 a linear foot of pipe with freight allowed to Boston. The contract contained the provision, "The terms are net the 15th of each month for all pipe and fittings shipped the previous month." There was no discount provision. By letters dated July 10, 1950, and July 13, 1950, Demos ordered a small quantity of pipe and fittings which were in addition to the written contract, but were intended to be used, and after delivery were used, in the installation.

Lock Joint furnished materials which were used in the

construction of the pipe line and for much of which Demos failed to pay. The final decree ordered the Commonwealth to pay to Lock Joint $30,586.84 out of $69,591.97 held under the contract with Demos (assigned to Peerless by Demos) and ordered Peerless to pay to Lock Joint $4,992.69, with costs of $42.70, "under the obligation of its bond as said statutory security." Peerless alone appealed. The judge filed a statement of findings and rulings, from which, unless otherwise stated, the facts herein are taken. The evidence is reported.

The sole question is whether Lock Joint seasonably filed a sworn statement of its claim as required by statute. The material part of G. L. (Ter. Ed.) c. 30, § 39, as appearing in St. 1935, c. 472, § 1, reads: "Officers . . . contracting in behalf of the commonwealth for the construction . . . of . . . public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and for materials used or employed in such construction or repair . . . but in order to obtain the benefit of such security, the claimant shall file with such officers . . . a sworn statement of his claim, within sixty days after the claimant ceases to perform labor or furnish labor, materials . . . ."

Commencing April 12, 1950, Lock Joint shipped to Demos the pipe, fittings, and other materials as agreed. A summary of shipments follows:

| 1950 | Contract October 1, 1949 | | Letters July 10 and 13, 1950 | |
|---|---|---|---|---|
| | Linear feet | Price less freight | Linear feet | Price less freight |
| April | 9,724.68 | $68,893.99 | | |
| June | 288.36 | 2,044.04 | | |
| July | | | 47.94 | $340.68 |
| August | 24.52 | 196.16 | 7.88 | 63.04 |
| September | 15.06 | 131.73 | | |
| October | 6.96 | 135.68 | | |
| | 10,059.58 | $71,401.60 | 55.82 | $403.72 |

The last October shipment was received by Demos on or about October 23, and the pipe and other materials so re-

ceived were actually used in the installation. The total pipe furnished was 10,115.4 linear feet, of which 9,988.8 linear feet were used in the installation, and 126.6 linear feet were not.

The contract price of all pipe, fittings, and materials furnished, was, less freight, $71,792.08, of which Demos paid $38,591.28, and did not pay $33,200.80. The contract price of what was used in the installation was, less freight, $70,751.89.

Sworn statements of claim were filed with the metropolitan district commission as follows:

|              | New         | Cumulative total |
| ------------ | ----------- | ---------------- |
| June 2, 1950 | $68,893.99  | $68,893.99       |
| June 28      | 2,044.04    | 70,938.03        |
| August 15    | 599.88      | 71,537.91        |
| November 2   | 196.37      | 71,734.28 [1]    |

The judge in his findings and rulings stated that the statement of claim of November 2, 1950, was seasonably filed within sixty days after Lock Joint ceased to furnish pipe, fittings, and other materials, which were actually used in the installation and were called for by the October 1, 1949, contract; and that the statement of claim of August 15, 1950, was seasonably filed within sixty days after Lock Joint ceased to furnish pipe, fittings, and other materials, which were actually used in the installation and were called for under the letters of July 10 and 13, 1950. The contract prices for which claim was seasonably made under these two statements of claim were respectively $70,212.49 [2] and $403.72. Likewise, apparently on the theory that the contract might be treated as divisible, he stated that the state-

---

[1] Obtained by adding to $71,714.64 (total of materials, shipped through October 2) a charge of $32.88 (freight on September 29) and deducting a credit of $13.24.

[2] The result of deducting from $70,751.89 (agreed price of materials used) the following: $90.68 (price of materials delivered on or about October 23 for which no sworn statement of claim was filed); $403.72 (amount covered by sworn statement filed August 15 and delivered under the letters of July 10 and 13, 1950); and $45 (the price of materials shipped on October 2, the lien for which was waived by Lock Joint at the hearing in the court below); total $539.40. In the findings this figure erroneously appears as $70,213.49.

ments of claim filed were respectively within sixty days after delivery of materials on the dates indicated: claim of June 2, deliveries of April; claim of June 28, deliveries of April and June; claim of August 15, deliveries of July and August; claim of November 2, deliveries of September and October other than $90.68 for materials delivered on or about October 23, for which no sworn statement was filed.

On the evidence we find certain facts. The date on which the last work was done on the installation of the pipe line was December 10, 1950. On December 12, 1950, Lock Joint made a shipment of five gaskets and one pound of oil soap, at a total of $11.44, to Demos at its place of business in Springfield. These items were sent by railroad express collect, and no claim was filed on account of them. They could not have been incorporated in the installation.

On January 17, 1951, Lock Joint filed a claim for $43.64, covering wages and expense of a driver on a truck to deliver pipe shipped August 2, 1950, and reciting that the total of previous claims was $71,734.28, making a present total of $71,777.92, on account of which $45,451.58 was unpaid. On February 8, 1951, Lock Joint filed a claim in the same amount of $71,777.92, on account of which the smaller sum of $43,783.24 was unpaid.

The import of our cases is that the sworn statement of claim must be filed within sixty days after the claimant furnishes the last materials which become part of the installation. *Kennebec Framing Co.* v. *Pickering*, 142 Mass. 80, 82. *Cook Borden & Co. Inc.* v. *Commonwealth*, 293 Mass. 174, 179. In the present case the last shipment of pipe or materials which became part of the installation was received on October 23, 1950, and must have become part of the installation by December 10, 1950. That was when the work was finished, and Lock Joint furnished the only pipe for the job. In its brief Peerless asserts that Lock Joint "must show that all of the materials which it was obligated to supply under its contract with Demos were in fact used or employed by Demos and were incorporated into the

finished installation and became a part thereof." If this is a contention that on a contract to furnish approximately 10,050 linear feet of pipe there can be no lien unless that many are incorporated in the installation even if there is room or need for a maximum of only 9,988.8 linear feet, such an assertion is without support in authority, is founded in neither common sense nor justice, and we reject it.

Peerless contends, in the main, that the agreement between Lock Joint and Demos was an entire contract, and that all the sworn statements of claim filed by Lock Joint are invalid as filed either too early or too late. Lock Joint, on the other hand, contends that the contract is divisible, and that its statements of claim filed on June 2, June 28, August 15, and November 2 are valid; and in the alternative, if the contract is entire, the statement of claim filed on November 2 is valid. Lock Joint does not rely on the statement filed on January 17, 1951, which was not for material furnished, nor on the statement filed on February 8, 1951, which merely reported a change in the balance due from Demos.

We shall dispose of the lesser matter first. The judge rightly held that the small orders of July 10 and 13, 1950, were not parts of the main contract. The pipe and materials covered by these orders were shipped on July 12 and August 2, and were ultimately used in the installation. The judge also rightly ruled that the statement of claim filed on August 15 was seasonably filed as to these shipments of pipe and materials. Peerless seems to contend that the statutory security cannot be claimed for pipe or materials furnished by Lock Joint under any statement of claim filed before Demos actually incorporated them in the installation. Peerless also suggests that no statement of claim could be filed before the date for payment under the provision, whatever its meaning, "the terms are net the 15th of each month for all pipe and fittings shipped the previous month."[1] Such arguments are without merit. We have been referred to no decision going that far. In *Mario Pandolf Co. Inc.*

---

[1] We are assuming that this provision in the contract of October 1, 1949, would carry over as part of the terms of the orders of July 10 and 13, 1950.

v. *Commonwealth*, 303 Mass. 251, 254, it was said as to c. 30, § 39: "The statute does not authorize the filing of a statement except when the work and labor have been done under such circumstances as to create a debt which is due and payable either then or at some future time. The 'statement required cannot be made until everything is done that is necessary to create the relation of debtor and creditor, and until all labor and materials have been furnished which enter into the debt for which the lien is claimed.' *General Fire Extinguisher Co.* v. *Chaplin*, 183 Mass. 375, 377." Here Lock Joint had done all that was expected of it under the orders of July 10 and 13 by shipping the pipe and fittings called for by those orders, and the debt was payable at a definite future time, the fifteenth of some month.

Returning to the principal contract of October 1, 1949, and treating it as one entire contract, as Peerless contends, we think that the statement of claim filed on November 2 was valid as to all pipe and materials furnished under the contract. There is no statutory provision as to the amount of detail to be shown in a sworn statement of claim.

The statement of claim of November 2, 1950, was sent to the metropolitan district commission as an enclosure in a letter of New York attorneys, reading in part: "On behalf of Lock Joint Pipe Company, we enclose herewith, for filing, supplemental claim, with itemized invoices attached, for material delivered to Demos Bros., under Contract No. 170 with the Metropolitan District Commission, which supplements the claims filed on June 2, 1950, June 28, 1950, and August 14, 1950. The enclosed claim sets forth the cumulative amount of the entire claim."

The enclosed sworn statement by the treasurer of Lock Joint read in part: "Respectfully represents your petitioner, Lock Joint Pipe Co. of . . . East Orange, New Jersey, that it has furnished labor, materials, etc. (see section 39, of chap. 30 Gen. Laws, as amended by chap. 217, Acts of 1935) valued at $71,734.28, as appears by the account annexed for $196.37, and by the accounts annexed to previous claims of $68,893.99, $2,044.04 and $599.88, filed June 2, 1950,

June 28, 1950 and August 15, 1950, respectively, to Demos Bros. . . . to be used or employed in the installation of twenty-four inch prestressed concrete cylinder pipe for Hyde Park pumping station main in Hyde Park, Massachusetts, under Contract #170 with the Metropolitan District Commission."

The filing of the statements of claim on January 17 and February 8, 1951, in which it is recited that the last delivery under the contract was made under date of December 12, 1950, is not fatal to the petitioner's case. Peerless states in its brief, "In filing its [the petitioner's] statements of claim prior to the date upon which it claims to have made its last delivery it was premature." There is nothing in this contention.

If we treat the contract as severable (see *Kennebec Framing Co.* v. *Pickering*, 142 Mass. 80, 82; *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158, 160), the sworn statements of claim of June 2, June 28, August 15, and November 2 are valid as to the respective deliveries. If there be objection that proof may be lacking as to the precise number of linear feet of pipe included in each of the respective statements of claim which found their way into the completed installation, such a requirement would be unreasonable. Its fulfilment would be a most difficult, if not an impossible, feat. The legislative intent was to provide security for those who furnish labor and materials. This security is for laymen, who, like the petitioner, might ship materials from distant points outside the Commonwealth to be installed by others here. The intent would not be achieved by a security in name only. That is undoubtedly why the metropolitan district commission contracted with a professional surety in this case. The petitioner filed a statement of claim within sixty days after each shipment and within sixty days after furnishing the last materials which went into the installation. In the circumstances, we think that the statutory security may be enforced for the proportion which the number of linear feet of pipe installed bears to the number delivered. *Kennebec Framing Co.* v. *Pickering*, 142 Mass. 80.

We have considered all points argued which merit discussion.

There is a slight mathematical error in paragraph 2 of the final decree. $32,025.93 should be $32,024.93. This error is carried forward in the computation of the amount due and should be corrected. As thus amended the final decree is affirmed with costs of appeal.

*So ordered.*