Patrick Mulloy, Appellant, v. Solomon K. Lawrence *et al.*, Respondents.

1. Under the law relating to mechanics' liens in St. Louis county (Acts 1857, p. 668), if the party files his lien and fails to bring suit thereupon within ninety days, he can not afterwards file a second lien although within six months from the accruing of the account.
2. Although a party suing upon a mechanic's lien in the St. Louis land court fail to prove the facts which authorize a special execution, he will be entitled to a judgment for his debt.   (Patrick v. Abeles, 27 Mo. 184, affirmed.)

*Appeal from St. Louis Land Court.*

Suit upon a mechanic's lien for materials furnished to defendants between February 15th and May 1st, 1858, to be used in the construction of defendants' house.   The lien was filed September 22d, 1858.   The petition set out the demand, the facts giving a lien, and prayed judgment for the debt with a special execution against the property.

At the trial, the plaintiff proved his account, the filing of his lien September 22d, &c., and rested his case.   The defendants introduced a lien filed by the plaintiff June 5, 1858, more than ninety days prior to the institution of this suit, for the same account.

For the defendants the court gave the following instruction :

" The court declares the law to be that the plaintiff can not recover in this suit, because the same was not brought within ninety days after the filing of the lien of the 5th of June, 1858 ; notwithstanding that the suit is brought on the second lien, filed on the 22d of September, 1858, and within

ninety days of the filing of said second lien; and notwithstanding, further, that said second lien may have been filed within six months after the indebtedness accrued, and may be in other respects regular.

The plaintiff asked the following instruction, which was refused:

" If the bricks sued for were the property of the plaintiff, and furnished by him under a contract to the defendants, and were used in the construction of defendants' house, the defendants are liable in this action to the plaintiff for so much of the contract price of said bricks as remains unpaid, notwithstanding the mechanics' lien on which this action is founded may not be a valid and subsisting lien under the provisions of the act of the 14th February, 1857."

The plaintiff submitted to a nonsuit, and, his motion to set the same aside being overruled, he appealed.

*Garesché, Garesché & Farish*, for appellants.

I. Plaintiff was entitled to a general judgment. (27 Mo. 184; Stebed v. Stock, 31 Mo. 456.)

II. The contract being with the owner, the first lien is no bar to the second; it would be otherwise if the rights of third persons intervened. The mechanics' lien law should be construed so as to be of the most benefit to those for whose interest it was made. (Patrick v. Ballentine, 22 Mo. 148; Clark v. Brown, 22 Mo. 140.) In Armstrong v. Hallowell, 35 Penn. 485, it was held that the record of a mechanic's lien can not be amended, by an alteration in the description of the premises, so as to affect a *bona fide* purchaser without notice. Inferentially, between the parties it could be done. (Chambers v. Jarrall, 15 Penn. 265.) In Bournsville v. Goodall, 10 Penn. 133, it was held, that when a plaintiff in a *scire facias* upon a mechanic's lien has been nonsuited, he may file another upon the same demand, and proceed thereon, though the former claim remains on the records of the court.

*Krum* and *Decker*, for respondents.

I. The statute being in contravention of the common law, and granting special privileges, must be strictly construed. (42 Maine, 497 ; 2 Cal. 90.)

II. The statute requires the lien to be filed, and suit to be brought thereupon, within ninety days after filing. The act contemplates only one filing of the demand which is to be a lien. The Pennsylvania cases are founded upon a different statute.

III. The statute dissolves the lien at the expiration of the time limited unless suit be brought. (Hilliard v. Allen, 4 Cush. 536.)

BATES, Judge, delivered the opinion of the court.

The first instruction given by the land court was right; the plaintiff could have but one lien for the same demand. If he failed to sue in proper time after filing it, he has lost his lien and special remedy thereon; he can not cure his neglect by filing the same lien again.

The second instruction was, however, erroneous. This court has decided in Patrick v. Abeles, 27 Mo. 184, the very point included in that instruction ; that is, that the plaintiff might have a general judgment, though he failed to establish his right to a lien and special judgment thereon.

Judgment reversed and cause remanded for a new trial. Judges Bay and Dryden concur.