THE BERGER MANUFACTURING COMPANY, Respondent, *v.* THE CITY OF NEW YORK et al., Defendants.

LEWIS F. SHOEMAKER & COMPANY, Appellant, and F. T. NESBIT & COMPANY et al., Respondents.

Lien Law — provisions of Lien Law (Cons. Laws, ch. 33, § 21, subd. 5) permitting substitution of undertaking for amount due from a lien against a municipality — such provision does not extend time in which action to enforce the lien must be brought — where lienors in an action to foreclose a lien brought by another have interposed answers setting up their respective liens no further or independent action to foreclose need be brought by such lienors — when right to file a lien for public improvements expires.

1. Subdivision 5 of section 21 of the Lien Law (Cons. Laws, ch. 33) permits the substitution of an undertaking to discharge a lien upon the amount due a contractor upon a municipal contract. The undertaking does not, however, change the relation and rights of the parties other than to substitute its provisions for the fund remaining due or to become due from the municipality to the contractor. The statute does not purport to extend the time provided by section 18 of the Lien Law, in which an action to enforce the lien must be commenced.

2. The duration of a lien is prescribed by statute, and the right to enforce it, like the right to file and create it, is derived therefrom, and each is entirely dependent upon its terms; hence, when three months have elapsed since filing the notice of lien, and no action has been commenced to enforce the lien (Lien Law, § 18), it is discharged by lapse of time, although such an undertaking had been given.

3. Where an action has been commenced to foreclose a lien, and a defendant has interposed an answer setting up his lien, it is not necessary for him to commence a further and independent action to foreclose such lien. The court may adjust and determine the equities of all the parties to the action, and the order of priority of the different liens. (Lien Law, § 45.)

4. The right to file a lien under a contract for a public improvement does not expire until thirty days after the improvement is completed and accepted. Such authority includes the right to file a second lien within the time so provided, at least to cure an irregularity in a lien first filed, or to reassert a lien when the prior one has been lost by delay in its enforcement.

*Berger Mfg. Co.* v. *City of New York*, 140 App. Div. 910, affirmed.

(Argued May 22, 1912; decided June 18, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1910, affirming a judgment entered upon a decision of the court on trial at Special Term in an action to foreclose a mechanic's lien.

The city of New York entered into a contract with F. T. Nesbit & Company, a corporation, to erect an addition to a municipal building in the borough of Manhattan, and such company sublet a part of the contract to the American Structural Steel Company. The steel company entered upon the performance of its contract, but before the same was fully completed, abandoned it. Pursuant to the terms of the contract the Nesbit Company served upon the steel company a three days' notice to complete its contract, or it would complete the same and deduct the expense thereof from the price named in the contract. The steel company failed to perform and

the Nesbit Company completed said contract as provided by the contract and said notice. After completing the contract as stated there remained due to the steel company from the Nesbit Company the sum of $2,720.52. There is no allegation or finding that the Nesbit Company made a payment to the steel company after the liens or any of them were filed. The steel company had previously sublet certain parts of its contract to the plaintiff, the Berger Manufacturing Company, and the defendants Lewis F. Shoemaker & Company and Edward A. Goemann and Marco A. Sisti and the Hall's Safe Company respectively. The plaintiff fully completed its contract with the steel company prior to July 17, 1908, and on August 21, 1908, filed a lien as provided by statute for $629.72, the amount then due and unpaid on its contract. The plaintiff did not commence an action to enforce said lien within three months after filing it and on January 27, 1909, filed another lien for the same amount and for the same work and materials.

Lewis F. Shoemaker & Company fully completed its contract prior to March 1, 1908, and on June 16, 1908, filed a lien as provided by statute for $2,350, the amount due and unpaid on its contract. On the 22nd day of June, 1908, an undertaking was given by the Nesbit Company with the defendant the Bankers' Surety Company a surety as provided by the Lien Law. It failed to commence an action to enforce said lien within three months after the filing thereof and this action was not commenced until after said three months had expired.

The defendants Goemann & Sisti fully completed their contract prior to October 26, 1908, and on October 28, 1908, filed a lien as provided by statute for $1,774.16, the amount due and unpaid on their contract, and on January 26, 1909, obtained an order from the Supreme Court extending their lien for six months.

The Hall's Company fully performed its contract prior to December 5, 1908, and on December 17, 1908, filed a

lien as provided by statute for $500, the amount due and unpaid on its contract.

This action was commenced and a notice of the pendency of the action was duly filed January 28, 1909. All of the persons and corporations named were made defendants. The lienors severally answered the complaint and set forth in such answers the facts upon which they severally claimed a lien as required by the Lien Law. A trial of the action was had and a decision was made and judgment entered establishing among other things the liens of the plaintiff and of the defendants Goemann & Sisti and the Hall's Safe Company as claimed by them respectively. The lien of the defendant Lewis F. Shoemaker & Co. was canceled and discharged of record because of its failure to commence an action to enforce its lien within three months after filing the same. There is no controversy between the parties to the action other than the Shoemaker Company as to the distribution of the amount found due and unpaid by the Nesbit Company.

An appeal was taken by the Shoemaker Company to the Appellate Division, where the judgment was unanimously affirmed, and it now appeals to this court.

*Horace L. Cheyney* for appellant. Where a lien for a municipal improvement has been discharged by the giving of an undertaking, it is not necessary to commence an action to enforce the lien within three months from the date of filing of notice of the lien. (*Mertz* v. *Press*, 99 App. Div. 443; 184 N. Y. 530; *Newman Lumber Co.* v. *Wemple*, 56 Misc. Rep. 168; *Brace* v. *City of Gloversville*, 167 N. Y. 452; *Macdonald* v. *Mayor, etc.*, 170 N. Y. 409; *Matter of Gabler*, 57 Misc. Rep. 148; *Ward* v. *Kilpatrick*, 85 N. Y. Supp. 1098; *Sheffield* v. *Early*, 25 N. Y. Supp. 1098; *Morton* v. *Tucker*, 145 N. Y. 244; *Parsons* v. *Moses*, 40 App. Div. 58; 165 N. Y. 296, 301; *Vitelli* v. *May*, 120 App. Div. 448.) The second lien of the Berger Manufacturing Company is invalid because it

had previously filed a lien for the same indebtedness. (*Mulloy* v. *Lawrence*, 36 Mo. 583; *Davis* v. *Schuler*, 38 Mo. 24; *Battle* v. *McArthur*, 49 Fed. Rep. 715; *U. S.* v. *Ames*, 99 U. S. 42; *Clarke* v. *Heylman*, 80 App. Div. 572.)

*Abner C. Surpless* and *Fred L. Gross* for plaintiff, respondent. The lien of the appellant lapsed and became invalid as such, as more than three months had elapsed since the filing of its notice of lien, and no action to foreclose had been commenced or any order obtained extending its lien within the said period. (*Upson* v. *U. E. Co.*, 72 Misc. Rep. 541; *Clonin* v. *Lippe*, 121 App. Div. 466; *Matter of 35th St. & 5th Ave. R. R. Co.*, 121 App. Div. 625; *Kelly* v. *Highland Const. Co.*, 133 App. Div. 579; *Milliken Bros.* v. *City of New York*, 135 App. Div. 598; 201 N. Y. 65; *Morton* v. *Tucker*, 145 N. Y. 244.) The second lien of the plaintiff was the only lien that company had which was alive and in existence when this action was commenced, and, as has been found by the court below, it is a good, valid, subsisting lien. (*Clarke* v. *Heylman*, 80 App. Div. 572; *Corrigan* v. *Fielding*, 47 App. Div. 246; *Haden* v. *Buddensiek*, 6 Daly, 3.)

*Frank M. Avery* for defendants, respondents. If the lien of the appellant expired; if the appellant failed to prove a valid lien, then no judgment could be awarded to the appellant against Nesbit & Co. and the Bankers' Surety Company. (*Hawkins* v. *M. R. C. Co.*, 82 App. Div. 72; 178 N. Y. 236; *Milliken* v. *City of New York*, 135 App. Div. 598; 201 N. Y. 65; *Casey* v. *C. B. C. Co.*, 53 Misc. Rep. 101; *Upson* v. *U. E. Co.*, 72 Misc. Rep. 541; *Clonin* v. *Lippe*, 121 App. Div. 466; *Matter of Uris* v. *B. R. Co.*, 114 App. Div. 29.)

CHASE, J. The Lien Law (Cons. Laws, ch. 33) provides that "At any time before the construction of a public improvement is completed and accepted by the state or

by the municipal corporation, and within thirty days after such completion and acceptance, a person performing work for or furnishing materials to a contractor, his sub-contractor, assignee or legal representative, may file a notice of lien * * *." (Section 12.)

The lien is upon "the moneys of the state or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, * * *." (Section 5.)

The principal question for our consideration is, whether the lien of the Shoemaker Company was lost by its failure to commence an action to enforce it within three months after it was filed.

The duration of a lien is prescribed by statute and the right to enforce it, like the right to file and create it, is derived therefrom, and each is entirely dependent upon its terms. It is expressly provided by statute that a lien for labor done or materials furnished for a public improvement "shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time, and a notice of the pendency of such action is filed with the comptroller of the state or the financial officer of the municipal corporation with whom the notice of such lien was filed, or unless an order be made by a court of record, continuing such lien, and a new docket be made stating such fact * * *." (Lien Law, sec. 18; former section 17.) Such lien may be discharged as follows: "1. By filing a certificate of the lienor or his successor in interest, duly acknowledged and proved, stating that the lien is discharged.

"2. By lapse of time, when three months have elapsed since filing the notice of lien, and no action has been commenced to enforce the lien.

"3. By satisfaction of a judgment rendered in an action to enforce the lien.

"4. By the contractor depositing with the comptroller

of the state or the financial officer of the municipal cor-
poration  *  .  *  *  a sum of money  *  *  *  which
shall not be less than the amount claimed by the lienor,
with interest thereon for the term of one year from the
time of making such deposit, and such additional amount
*  *  *  to cover all costs and expenses.   The amount so
deposited shall remain with the comptroller or such finan-
cial officer  *  *  *  until the lien is discharged as pre-
scribed in subdivision 1, 2, or 3, of this section.

" 5.  Either before or after the beginning of an action
by a contractor executing an undertaking with two or
more sufficient sureties,  *  *  *  to the state or the
municipal corporation with which the notice of lien is
filed, in such sums  *  *  *  not less than the amount
claimed in the notice of lien, conditioned for the payment
of any judgment which may be recovered in an action to
enforce the lien  *  *  *."  (Lien Law, section 21,
former section 20.)

Subdivision 5 of said section of the statute permits the
substitution of an undertaking for the money " due or to
become due on such contract " to the contractor from the
municipality and thus to discharge the amount due or to
become due from such lien.   The purpose of the statute
is to relieve the contractor and municipality from the
embarrassment of the lien without waiting for the result
of an action to enforce the lien and without relieving the
lienor from the necessity of enforcing his right to a lien
and to payment from the fund, in all respects as provided
by statute.   The necessity of enforcing the right to a lien
even after an undertaking is given is clearly shown by the
condition which the statute prescribes for such undertak-
ing, viz.: " The payment of any judgment which may be
recovered in an action to enforce the lien."   The under-
taking does not change the relation and rights of the par-
ties other than to substitute its provisions for the fund
remaining due or to become due from the municipality to
the contractor.   The statute does not purport to extend

the time provided by section 18 of the Lien Law in which an action to enforce the lien must be commenced. Under subdivision 4 of said section a prescribed amount of money must be left in the physical possession of the comptroller or other financial officer and consequently a specific provision is included in that subdivision as to the time that such money shall so remain on deposit with such officer. Where an undertaking is given its condition determines the obligation of the parties and its continuance. A valid lien on the primary fund must be established to require payment pursuant to the terms of the undertaking. (*Milliken Brothers, Inc.,* v. *City of N. Y.,* 201 N. Y. 65.) The Shoemaker Company having failed to commence an action to enforce its lien within three months after filing the same, it could not establish a lien on the primary fund nor call upon the contractor and his surety for the payment of a judgment recovered in an action to enforce said lien. The condition of the undertaking, which is plain in terms, is the full measure of the liability of the parties to it.

The Special Term was right, therefore, in adjudging that the lien of the Shoemaker Company was unenforceable. (*Clonin* v. *Lippe,* 121 App. Div. 466; *Kelly* v. *Highland Construction Co.,* 133 App. Div. 579; *Matter of Thirty-fifth Street & Fifth Avenue R. Co.,* 121 App. Div. 625; *Matter of Thornton Apartment Co.,* 74 Misc. Rep. 210.)

The decision in *Mertz* v. *Press* (99 App. Div. 443), relied upon by the appellant, is based upon a different statute. The lien in that case and the undertaking given to discharge the same were filed pursuant to the consolidated charter of the city of New York (section 1836, chapter 410, Laws of 1882, as amended by chapter 605 of the Laws of 1895). The condition of the undertaking as required by said charter was " that the said (construction company) will pay on demand to the (lienors) * * * the amount of any judgment which may be recovered

against said (construction company) in or upon the claim or demand specified in such notice of lien    *    *    *    not exceeding " the sum specified therein. The action was brought upon the undertaking and it was held that the short Statute of Limitations prescribed by said charter did not apply.

The decision in *Hafker* v. *Henry* (5 App. Div. 258) was based upon the Lien Law of 1885 (Laws of 1885, chap. 342) and is not applicable to the facts in this case. Many of the other questions discussed by the appellant are not considered in this opinion, because they are not properly before us. The judgment is based upon the findings. The evidence is not before us, and the judgment of the Special Term has been unanimously affirmed by the Appellate Division and we must take the facts stated in the findings as incontrovertibly established. There are no rulings or exceptions presenting any material question relating to the pleadings. The plaintiff having commenced an action which it has sustained, and having duly filed a *lis pendens*, and the defendants Goemann & Sisti, and the Hall's Safe Company having each interposed an answer in the action setting up its lien as provided by the Lien Law, before its lien had expired, it was not necessary for either to commence a further and independent action to foreclose its lien. The statute provides that the court may adjust and determine the equities of all the parties to the action, and the order of priority of the different liens. (Lien Law, section 45.)

The appellant contends that the plaintiff having filed a lien in August and failed to commence an action to enforce the same within three months thereafter, is not authorized by the Lien Law to file another lien, even although the same was filed within the time provided by statute. The statute in regard to filing liens is permissive. The right to file a lien under contracts for public improvements does not expire as we have seen until the improvement is completed and accepted, and until thirty

days after it is completed and accepted. Such authority would seem to include the right to file a second lien within the time so provided, at least to cure an irregularity in a lien first filed, or to reassert a lien when the prior one has been lost by delay in its enforcement. (*Clarke* v. *Heylman,* 80 App. Div. 572.)

The terms of the appellant's undertaking do not directly or by inference include the right to a personal judgment against the contractor Nesbit & Company and its surety thereon. (*Milliken Brothers* v. *City of N. Y., supra;* Lien Law, section 54.)

The judgment should be affirmed, with one bill of costs to the respondents.

CULLEN, Ch. J., GRAY, HISCOCK and COLLIN, JJ., concur; WILLARD BARTLETT, J., not voting; VANN, J., absent.

Judgment affirmed.