ADAMS AND POWERS COMPANY *vs.* SAMUEL SEDER, trustee in bankruptcy.

Worcester.   September 27, 1926. — November 23, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mechanic's Lien.*

A lien to enforce a claim for materials furnished under provisions of a contract in writing cannot be enforced under G. L. c. 254 if the contract contains no date for completion of delivery, and the notice filed in the registry of deeds sets out as the date of completion one agreed upon by the parties orally.

BILL IN EQUITY, filed in the Superior Court on March 29, 1924, against Israel I. Goldman for the enforcement of an alleged mechanic's lien for materials furnished in accordance with a contract in writing.

It appeared that the defendant Goldman had been adjudged a bankrupt and that in December, 1923, Samuel Seder had been appointed trustee in bankruptcy. The trustee was admitted as a party defendant.

The suit was referred to a master. Material findings by the master are stated in the opinion. An exception by the defendant to the master's report was overruled, the report was confirmed, and the lien was established by decrees entered by order of *Lourie*, J. The defendant appealed.

The case was submitted at the sitting of the court in September, 1926, and afterwards was submitted on briefs to all the Justices.

*D. Goldstein & J. Asher*, for the defendant.

*A. J. Young*, for the plaintiff.

BRALEY, J. This is a bill in equity under G. L. c. 254 to enforce a lien for materials furnished to a bankrupt for the erection of a house on his land. The contract, which is dated July 26, 1923, contains no date for completion of delivery, but prior to the erection of the house the parties orally agreed that the contract should be completed on or before February 1, 1924, and a notice so stating was recorded in the registry of deeds August 1, 1923. The contract accordingly rested partly in writing and partly in parol. *Davis v. Cress*, 214 Mass. 379, 382. It is settled, however, that under §§ 2, 3, of the statute the plaintiff must show the existence of a contract in writing as the foundation of an enforceable lien. If the statute is not followed, no lien can be established. *Varnum v. Kogios*, 233 Mass. 264, 266. *Savoie Quarry & Construction Co. v. Ziman*, 234 Mass. 210, 213.

The governing sections, which first appear in St. 1915, c. 292, § 2, as amended by St. 1916, c. 306, § 1, were construed in *Pratt & Forrest Co. v. Strand Realty Co.* 233 Mass. 314, 317, where it was said, "The irresistible effect of all these provisions is that substantial accuracy in the statement of the date fixed by the principal contract for the completion of the work to be performed under it is essential to a valid notice. This results inevitably from the absolute requirement for the statement of such date in the notice, from the fact that that date is the point of time from which run the several statutory limitations of the act, and from the provision that certain inaccuracies, among which a mistake in this date is not included, shall not affect the validity of the lien. . . . One plain object of the present statute was to

require the placing upon record in the registry of deeds of certain information, for the benefit of prospective purchasers of land and other interested persons, touching the incumbrances created . . . by liens, including the time limit within which the furnishing of material and labor under written contracts must be performed." The date set forth in the notice therefore had no corresponding date in the contract to support it and no lien attached.

While no error appears in the admission in evidence before the master of the notice, and the interlocutory decrees, overruling the defendant's exceptions and confirming the report, should be affirmed, the final decree for the plaintiff must be reversed and a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*