79 N.J. Super. 599 (1963)
192 A.2d 334
WILLIAM J. SIKKEMA, JR., T/A SIKKEMA WELL DRILLING CO., PLAINTIFF,
v.
WILLIAM V. PACKARD, COLLEEN M. PACKARD, AND FIRST SAVINGS AND LOAN ASSOCIATION OF FAIRLAWN, NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided June 19, 1963.
*600 Messrs. Winne and Dooley, attorneys for plaintiff (Mr. James J. Dooley, appearing).
Mr. I. Louis Logan, attorney for defendants.
O'DEA, J.C.C.
Defendants move for summary judgment of dismissal on two grounds:
1. Plaintiff failed to commence his action within four months from the date that the last labor or materials furnished in said lien claim was performed or were furnished; and
2. Plaintiff failed to join the builder in his action.
We will deal, first, with defendants' contention concerning commencement of this action. In order to consider the contention it is necessary to review a chain of events in chronological order:
1. On June 22, 1960 plaintiff entered into a contract with a builder, Triangle Construction Co., for the installation of wells on several properties. One of these properties suffers the lien here alleged and sought to be enforced.
2. A mechanics' notice of intention was filed by the contractor, plaintiff herein, against the premises in question and the then owner, on July 6, 1960.
3. Work on the well on the premises in question was discontinued in June 1961, according to plaintiff, for the reason that *601 the builder, Triangle Construction Co., failed to make required advances of payment.
4. On August 8, 1961 the parcel of land with house constructed thereon was conveyed by the builder to defendants Packard.
5. Plaintiff filed a mechanic's lien claim for $1,050 on September 21, 1961 for work and materials connected with the original well construction on this same property.
6. On February 13, 1962 plaintiff obtained a judgment against Triangle Construction Co., which judgment remains unsatisfied and to which action only Triangle was party defendant.
7. On March 31, 1962 plaintiff completed the well construction by installing a permanent seal  according to plaintiff's statement of facts, at the request of the then and now owners of the property, the Packards. Moreover, plaintiff states that this final installation was an essential and integral part of the well he contracted to build, and without which seal the well could not properly function.
8. On April 13, 1962 the contractor filed a second mechanic's lien claim for $1,050.
9. On May 9, 1962 this action was instituted under the Mechanic's Lien Act by issuance of the complaint.
The action against the builder which resulted in a judgment on February 13, 1962 could not have been obtained pursuant to the mechanic's lien claim filed on September 21, 1961 for the reasons that
1. The builder had conveyed the land to the Packards on August 8, 1961, and at the time of the successful judgment Triangle Construction Co. had no apparent remaining interest in the property the subject of the lien.
2. Under the mechanic's lien law the then property owners must be parties to the action, which is quasi in rem, resulting in a judgment lien against the real estate, which real estate becomes subject to the payment of the judgment. N.J.S. 2A:44-97.
*602 From this we can only conclude that the judgment suffered by the builder was a personal money judgment on the contract between the parties. Further, there is nothing inherently preclusive in the course pursued by this contractor in obtaining a personal money judgment against the builder prior to seeking satisfaction through an enforcement of the lien claim. The only restriction placed upon a creditor in like circumstances is that he may not collect in total from all parties in excess of the original debt. Shoemaker v. Maloney, 102 N.J.L. 363 (E. & A. 1925); Friedman v. Stein, 4 N.J. 34 (1950).
We have no further indication of what became of the mechanic's lien claim filed on September 21, 1961. It appears that the lien claim was never pursued. However, it is certain that the time for action under this claim has expired under N.J.S. 2A:44-98, which provides that an action must be commenced within four months from the date that the last labor or materials mentioned in said lien claim was performed or were furnished.
There is the new lien claim of April 13, 1962, under which this present action was commenced within the statutory time. It should be noted that both lien claims were filed under a concededly valid notice of intention, which remained valid for a period of two years. N.J.S. 2A:44-71.
The Mechanic's Lien Act is in derogation of common law and therefore to be strictly construed as to its provisions giving rise to the lien, but the provisions relating to the enforcement of the lien are liberally construed to effect the statutory remedy subjecting the land and building of the benefited and noticed owner to a lien for work performed and materials furnished. Apex Roofing Supply Co. v. Howell, 59 N.J. Super. 462, 467 (App. Div. 1960).
We find no cases in our jurisdiction construing the effect of dual lien claims or the effect of proceeding on a second lien related to the first. However, a review of the cases on this point in other jurisdictions under similar mechanic's lien laws all indicate an action may be maintained on a second lien although a former related lien had been filed and abandoned, *603 or expired, provided the second lien conforms with the statutory requirements. In re Cohen, 209 App. Div. 413, 205 N.Y.S. 90 (App. Div. 1924); Lammers v. Cart-Ritter Co., 196 Ark. 1159, 121 S.W.2d 95 (Sup. Ct. 1938); West v. Jarvi, 44 Wash.2d 241, 266 P.2d 1040 (Sup. Ct. 1954); Graybar Electric Company, Inc. v. Providence Journal Company, 166 A.2d 885 (R.I. Sup. Ct. 1961); 57 C.J.S. Mechanics' Liens, § 144, p. 659, and § 139, p. 648.
Therefore, in the instant case, where two identical liens have been filed under the same notice of intention and the first lien abandoned or not pursued, the plaintiff may be permitted to pursue the second lien if in all respects thereto the plaintiff has complied with the statutory requirements for perfecting the lien.
One of the elements on this issue is whether the subsequent work on the pump seal was an integral part of the original contract, for it must appear that this item within the limited period is so connected with the earlier items as to constitute one debt. Rigberg v. Narduc Development Corp., 47 N.J. Super. 588 (Ch. Div. 1957); Federal Trust Co. v. Guigues, 76 N.J. Eq. 495 (Ch. 1909). And this question is a factual issue that must be determined by the trier of the facts. Bell v. Mecum, 75 N.J.L. 547 (E. & A. 1907).
The second ground of the motion, the failure of the plaintiff to join the builder as a party defendant as prescribed by the act, N.J.S. 2A:44-97, would be fatal, but in the interests of substantial justice, at this early stage of the proceedings, the plaintiff may be permitted to amend and join the builder without prejudice to the other defendants, to dismiss the complaint on this technical ground would forever bar plaintiff's action, since the four-month period for suit on the lien claim against the owners, land and buildings benefited began running with the last work performed on March 31, 1962.
For these reasons the motion for summary judgment of dismissal of the complaint is denied.
An order may be entered.