Edwin Kassoff, J".
Petitioner moves to discharge two mechanic’s liens filed respectively on December 20, 1974 and June 9, 1975.
Inasmuch as more than six months have elapsed since the filing of the first notice of lien, it has been discharged by lapse of time (Lien Law, § 21, subd 2, par [a]). The provision for expiration is self-executing and requires no order of cancellation. (Triple Cities Constr. Co. v Dan-Bar Contr. Co., 285 App Div 299, affd 309 NY 665.) Therefore, petitioner’s application with respect to the first lien filed is denied as moot.
*839 Petitioner’s contention, that the second lien is defective and should be discharged because said lien was filed while the first lien was valid and still in effect, is without merit. There is nothing in section 12 of the Lien Law which provides that successive liens may not be filed for the same work as long as the second lien is filed within the statutory period. (Berger Mfg. Co. v City of New York, 206 NY 24; Clarke v Heylman, 80 App Div 572.)
Petitioner further contends that the second lien is void for willful exaggeration (Lien Law, § 39). The fact of willful exaggeration may be established only in an action or proceeding to enforce a mechanic’s lien rather than on affidavits submitted on a motion to discharge a lien. The right to urge that a lien is void for willful exaggeration is always reserved for trial. (Matter of Upstate Bldrs. Supply Corp. [Maple Knoll Apts.], 37 AD2d 901; Durand Realty Co. v Stolman, 197 Misc 208, affd 280 App Div 758.)
The courts have no inherent power to summarily cancel or discharge mechanic’s liens for public improvements on grounds other than those specified in the Lien Law. (Supreme Plumbing Co. v Seadco Bldg. Corp., 224 App Div 844.) Petitioner has failed to set forth grounds that fall within the parameters of the statute. Accordingly, the application is denied with respect to the lien filed June 9, 1975 and the petition is dismissed.