Mullen Lumber Co. v. Lore.

MULLEN LUMBER CO., INC. *vs.* ANDREW LORE & another.[1]

No. 87-711.

Norfolk.    February 17, 1988. — August 31, 1988.

Present: ARMSTRONG, DREBEN, & WARNER, JJ.

Further appellate review granted, 403 Mass. 1104 (1988).

*Mechanic's Lien.*

A claim brought by a supplier of building materials against the owner of a
house to enforce a mechanic's lien was to be dismissed where the supplier
failed to demonstrate that it had a lien under G. L. c. 254, § 4, that had
not been dissolved either under the provisions of G. L. c. 254, § 11,
for failure to commence the enforcement action within sixty days of
filing the statement of account in the registry of deeds, or under the
provisions of G. L. c. 254, § 8, for failure to file a statement of account
within thirty days after the contract completion date. [365-366]

CIVIL ACTION commenced in the Superior Court Department
on February 18, 1987.

The case was heard by *Charles M. Grabau*, J., on a motion
for summary judgment.

*Louis J. Caccavaro, Jr.*, for Andrew Lore.
*Marshall F. Newman* for the plaintiff.

ARMSTRONG, J. The plaintiff, a lumber supplier, undertook
by a contract dated July 2, 1986, to furnish (when and if
ordered) building materials at stated prices and in stated quan-
tities to the defendant Nordberg-Kelley Corporation, which
was constructing a house for the defendant Lore. On August
29, the plaintiff filed notice of the contract in the registry of
deeds to establish a mechanic's lien on the house. See G. L.
c. 254, § 4. The contract completion date was specified in the
notice to be February 25, 1987, which was the date specified
in the materials contract. See *Hammill-McCormick Associates,
Inc.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 545

---

[1] Nordberg-Kelley Corporation.

(1987). Prior to that date, on December 5, 1986, the plaintiff, pursuant to G. L. c. 254, § 8, recorded a statement of account showing $19,466.12 as the amount due on the contract. On February 18, 1987, still before the stated completion date, the plaintiff filed a second statement of account in the same amount and for the same supplies as the first. On that date it also filed a complaint asserting the existence of the lien and seeking its enforcement by sale of the house.

The complaint should have been dismissed as to the defendant Lore. General Laws c. 254, § 11, as amended by St. 1973, c. 1114, § 319, provides that "[t]he lien shall be dissolved unless a civil action to enforce it is commenced within sixty days after the filing of the statement required by section eight [i.e., the statement of account]." The lien referred to is created by the filing of the notice of contract under § 4. The lien may be lost either (1) under § 8, by a failure to file a statement of account within thirty days after the contract completion date, or (2) under § 11, by a failure to commence the enforcement action within sixty days after the filing of the statement of account. Cf. *Burrell* v. *Way*, 176 Mass. 164, 166-167 (1900).

The parties are in disagreement whether a statement of account filed prior to the specified contract completion date is, legally, a nullity, to be disregarded in applying the lien-dissolving provisions of § 8 and § 11. Without suggesting that such a statement of account is a nullity, we think the point is immaterial to the decision in this case. If the statement of account filed on December 5 was not a nullity, the lien was dissolved sixty days later because the enforcement action had not been commenced. There would then be no lien to which the statement of account filed on February 18 could attach. Compare *Mulloy* v. *Lawrence*, 31 Mo. 583, 585 (1862).[2] See also *Hilliard* v.

---

[2] The contrary result reached in *Berger Mfg. Co.* v. *New York*, 206 N.Y. 24, 32-33 (1912), concerned a statute in which the lien was created by the functional equivalent of our statement of account. The loss of such a lien by failure to commence suit within the requisite period (three months) was held not to preclude the creating of another lien by filing a second statement of account. Under our statute the statement of account does not create the lien but is necessary to preserve it.

*Allen*, 4 Cush. 532, 535-536 (1849). If, on the other hand, any statement of account filed prior to the completion date is a nullity, the action must still fail for failure of the plaintiff to show that it filed a statement of account during the thirty-day period following the completion date. In either case the plaintiff has failed to prove that it has a lien that may be enforced in this action.

The judgment entered under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), against the defendant Lore is reversed, and a new judgment is to be entered dismissing the action as to him.

*So ordered.*