Gants, J.
The plaintiff, Burkhard Corporation (“Burkhard”), was the general contractor for the construction of a new hotel, to be known as the Hawthorne Inn & Suites, on land in Arlington owned by the plaintiff, Burkhard Hotel Partners, LLC. The defendant, A. Giacalone Construction Corp. (“Giacalone”), was the carpenter subcontractor on the hotel construction project. Burkhard terminated Giacalone and *635 filed suit against Giacalone in Suffolk County Superior Court on or about April 24, 2002, bringing claims of breach of contract, defamation, and violations of G.L.c. 93A. Burkhard Corporation v. A. Giacalone Construction Corp. et al, Suffolk County Civil Action 02-1803.
Giacalone not only denied the allegations brought by Burkhard, but claimed that Burkhard still owed Giacalone $262,354.58 for work it performed on the hotel construction project, of which $160,000 was said to derive from a change order. On April 29, 2002, Giacalone took the first step needed to effect a mechanic’s lien by filing a Notice of Contract and Lien at the Middlesex County South Registry of Deeds, essentially declaring that Burkhard owed this amount to Giacalone. On June 4, 2002, Giacalone filed a compulsory counterclaim in the case Burkhard initiated in Suffolk County Superior Court, claiming this same amount for Burkhard’s alleged breach of contract. On June 21, 2002, Giacalone took what it understood to be the remaining steps needed to preserve its mechanic’s lien by filing a Statement of Claim at the Middlesex County South Registry of Deeds, as well as a copy of its Counterclaim, which it thereby characterized as its Enforcement Action.
On June 11, 2002, Burkhard filed the instant action seeking to discharge the mechanic’s lien under G.L.c. 254, §15A, claiming that the mechanic’s lien must be dissolved because Giacalone fraudulently held itself out as a corporation and fraudulently inflated the amount of the lien by the so-called $160,000 change order. After a hearing held on June 20, 2002, Judge Elizabeth Fahey denied Burkhard’s application to discharge the mechanic’s lien, finding that “the defendant’s entitlement to the lien, at this preliminary stage, appears valid.”
Giacalone then moved for summary judgment in the instant action. After a hearing before the undersigned judge, this Court on October 9, 2002 ordered that:
effective November 8, 2002, the motion for summary judgment shall be allowed if, prior to that date:
1. the defendant files a stipulation with the Court declaring that it shall release the mechanic’s lien against the plaintiff if the final judgment in Suffolk Superior Court Civil Action 02-1803 declares that the plaintiffs Burkhard Hotel Partners LLC and Burkhard Corporation owe the defendant A. Giacolone Construction Corp. nothing (or that the defendant owes money to one or more of the plaintiffs); and
2. The plaintiffs do not inform the Court in writing that they have served upon the defendant a further application to discharge the mechanic’s lien based on the purported untimeliness of the lien.
On November 7, 2002, Burkhard served Giacalone with this Renewed Motion to Discharge the Mechanic’s Lien, contending that Giacalone has failed timely to satisfy the prerequisites for maintaining a mechanic’s lien. In this last gasp effort to defeat summary judgment and keep this discharge action alive, Burkhard argues that Giacalone’s mechanic’s lien must be discharged on two separate and independent grounds. First, Burkhard contends that Giacalone’s mechanic’s lien must be dissolved under G.L.c. 254, §11, because Giacalone has failed to commence a civil action to enforce its mechanic’s lien within 90 days of its filing of the Statement of Claim. Second, Burkhard contends that Giacalone’s Suffolk County counterclaim cannot be deemed an action to enforce its mechanic’s lien because such an enforcement action must be brought “in the superior court for the couniy where such land lies” — which in this case is Middlesex County. G.L.c. 254, §5.
DISCUSSION
The mechanic’s lien statute permits a contractor who performs labor or supplies materials for the improvement of real property to secure payment of the amount due by obtaining a mechanic’s lien that takes priority over all other later-recorded encumbrances on the property. See generally Tremont Tower Condominium, LLC v. George B.H. Macomber Company, 436 Mass. 677, 680 (2002). To enforce the mechanic’s lien, the contractor must strictly comply with the requirements of the statute. See generally Ng Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 642 (2002). Those requirements include:
the recording of the Notice of Contract and Lien. G.L.c. 254, §4;
the subsequent recording of a Statement of Claim within 90 days of the filing or recording of the Notice of Substantial Completion or 120 days of the filing or recording of the Notice of Termination, whichever comes earlier. G.L.c. 254, §8;
the commencement of a civil action to enforce the mechanic’s lien within 90 days of the filing of the Statement of Claim, describing the property and stating the amount due, in the county where the property is located. G.L.c. 254, §§11 and 5; and
the filing of the complaint in the Registry of Deeds of the county where the property is located within 30 days of the commencement of the civil action. G.L.c. 254, §5.
From these requirements, one can discern the legislative intent a contractor may preserve a priority lien only if it timely gives notice of the precise amount claimed to be due and then promptly commences a civil action to adjudicate whether that amount truly is due. “Although not every procedural mistake is fatal, failure to comply normally results in dissolution of the lien . . .’’Id., quoting Mullen Lumber Co. v. Lore, 404 Mass. 750, 752-53 (1989) (citations omitted).
*636 The statute plainly does not anticipate the possibility of the property owner or general contractor commencing a pre-emptive suit against the contractor in a “foreign” county claiming damages for breach of contract. When, as here, the general contractor pursues this strategy, a subcontractor claiming that money is due for its work on that job is required to bring a compulsoiy breach of contract counterclaim under Mass.R.Civ.P. 13(a) or lose its right to bring this claim. Giacalone, therefore, is litigating its breach of contract counterclaim against Burkhard in Suffolk County rather than Middlesex County only because Burkhard brought its preemptive civil action in Suffolk County. For Giacalone literally to satisfy the procedure set forth in the mechanic’s lien statute, it would have to file a separate civil enforcement action in Middlesex County within 90 days of the filing of the Statement of Claim that would mirror its existing counterclaim in Suffolk County. Any such claim would surely be dismissed under Mass.R.Civ.P. 12(b)(9) (or at least stayed pending the outcome of the Suffolk County litigation) because of the pendency of the identical prior claim in Suffolk County. In other words, for Giacalone literally to satisfy the letter of the mechanic’s lien statute, he would need to file a duplicative civil action that would promptly be dismissed or stayed because of the prior pending action.
As foolish and wasteful as this procedure may seem, Burkhard contends that it is nonetheless mandated by the mechanic’s lien statute, whose requirements are strictly enforced by the courts. This Court does not agree with Burkhard that the language of the statute need be interpreted literally to produce a senseless result in circumstances not anticipated by the Legislature when an alternative, more sensible interpretation fully comports with the purpose and spirit of the statute. There can be no doubt that the counterclaim, for all practical purposes, constitutes a civil action to enforce the mechanic’s lien, that Burkhard was given notice that Giacalone intended to treat it as an enforcement action when Burkhard timely recorded it, and that both the filing and the recording occurred before the respective statutory deadlines. It is true that the enforcement action is not filed in Middlesex County but that is only because Burkhard brought its pre-emptive action in Suffolk County. Burkhard must be estopped from enforcing this requirement of the statute when Burkhard effectively determined the county in which the enforcement action had to be brought.
In short, Giacalone’s mechanic’s lien shall be permitted to continue in force, the enforcement of the mechanic’s lien shall be determined through the adjudication in Suffolk County of Giacalone’s counterclaim, and Burkhard’s application to discharge the mechanic’s lien is hereby dismissed.
ORDER
After hearing this day, for the reasons stated above, this Court hereby ORDERS that:
1. Burkhard’s Renewed Motion to Dissolve the Mechanic’s Lien is DENIED.
2. Giacalone’s motion for summary judgment as to the instant complaint in which Burkhard, under G.L.c. 254, §15A, seeks to discharge Giacalone’s mechanic’s lien is ALLOWED. Judgment as to the instant complaint shall be entered in favor of Giacalone, with statutory costs.
3. The Suffolk County counterclaim shall be deemed the civil action enforcing Giacalone’s mechanic’s lien under G.L.c. 254, §11 and the future of that mechanic’s lien shall be determined through the adjudication in Suffolk County of that counterclaim.